IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| R CLEANING IMPACT, INC. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-12-2368 |
| | : | |
| RED ROBIN INTERNATIONAL, INC., | : | |
| ET AL. | : | |

...o0o...

**MEMORANDUM**

Plaintiff R Cleaning has sued defendants Red Robin International and Dolphin Cleaning Enterprises Too alleging malicious interference with the right to pursue a lawful business (Count One); civil conspiracy (Count Two); and intentional interference with contractual and/or business relationship (Count Three). The defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) which has been fully briefed and will be granted.

Assuming the facts alleged in the complaint to be true, R Cleaning had a business relationship with Red Robin to provide cleaning services for a number of Red Robin restaurants pursuant to oral month to month agreements. R Cleaning invoiced Red Robin every two weeks for the services performed, and Red Robin wired payment to R Cleaning's bank account in Maryland. The relationship changed, however, after a job applicant was injured and filed a worker's compensation claim against both Red Robin and R Cleaning. R Cleaning "unintentionally" had no workers' compensation insurance. (Compl. ¶ 9). Thereafter, according to R Cleaning, Dolphin and Red Robin together acted illegally and maliciously to put R Cleaning out of business so that Dolphin could take over the cleaning business for Red Robin. These actions included Dolphin's solicitation of the at-will employees of R Cleaning to work for Dolphin instead, allegedly by falsely telling those employees R Cleaning was going out of

business. Unfortunately, R Cleaning, whose only client apparently was Red Robin, did cease operations, and Dolphin took over the cleaning business for Red Robin.

These facts, while understandably distressing to the plaintiff, do not state a plausible claim under Fed. R. Civ. P. 12(b)(6) for the torts alleged in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Maryland law, to establish tortious interference with prospective business relationships, there must be an independent wrongful or unlawful act. *Alexander & Alexander, Inc. v. Evander & Assoc., Inc.*, 336 Md. 635, 657 (1994). To establish intentional interference with an existing business relationship, where there is no contract, the defendant must have acted maliciously or wrongfully. *Macklin v. Robert Logan Assoc.*, 334 Md. 287, 296-97 (1994). Red Robin's desire to replace a company that did not have workers' compensation insurance, and Dolphin's desire to compete for Red Robin's cleaning business, including its solicitation of R Cleaning's at-will employees, does not make them liable to the plaintiff for its loss of business and revenue. As the Maryland Court of Appeals has explained, "acting to pursue one's own business interests at the expense of others is not, in itself, tortious." *Alexander*, 336 Md. at 654.[1] Finally, a civil conspiracy claim cannot stand if the object of the conspiracy has not been plausibly alleged. *Alleco, Inc. v. Harry & Jeanette Weinberg Foundation, Inc.*, 340 Md. 176, 189 (1995). Nor could the facts alleged in the complaint state a claim under Md. Code Ann., Comm. Law, § 11-204(a)(1), even if that statute were referenced in the complaint instead of appearing only in the plaintiff's opposition.

---

[1] The only possibly improper action alleged is "falsely" telling the plaintiff's employees that it was going out of business and would not be able to pay its employees. Given the other allegations implying that Red Robin was dissatisfied because of the workers compensation problem, that Red Robin was, in fact, terminating its agreements with the plaintiff, and that Red Robin was the plaintiff's only client, it is not plausible that the statements, if made, were tortious. This allegation, alone, is not a plausible basis for the plaintiff's claims.

Accordingly, the complaint must be dismissed. A separate Order follows.


<u>April 18, 2013</u>                              <u>         /s/                    </u>
Date                                     Catherine C. Blake
                                         United States District Judge